

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DSS
F.#2010R02036

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

December 1, 2010

<u>By Hand</u>

Kannan Sundaram, Esq.
Federal Defenders of New York

      Re:  United States v. Syed Omair Ali
           <u>Criminal Docket No. 10-870 (SJ)</u>

Dear Mr. Sundaram:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery in the above-captioned case.  Please also consider this letter to constitute the government's request for reciprocal discovery pursuant to Rule 16.

1.   <u>Statements of the Defendant</u>

    Enclosed please find the following documents reflecting statements made by the defendant:

    a) an email sent by the defendant on May 28, 2010 to the FBI, Bates-numbered 1;

    b) a report reflecting statements made by the defendant on October 8, 2010, Bates-numbered 2-5;

    c) a report reflecting statements made by the defendant on October 11, 2010, Bates-numbered 6-8;

    d) a report reflecting statements made by the defendant on October 14, 2010, Bates-numbered 9-11;

    e) a written statement signed by the defendant on October 14, 2010, Bates-numbered 12-15;

    f) a <u>Miranda</u> waiver form executed by the defendant on October 14, 2010, Bates-numbered 16;

   g) a report reflecting statements made by the defendant on July 5, 2010, Bates-numbered 17-19;

   h) a document emailed to the FBI by the defendant on May 27, 2010, Bates-numbered 20-22;

   i) a report reflecting statements made by the defendant on August 18, 2010, Bates-numbered 23-24;

   j) a report reflecting statements made by the defendant on August 25, 2010, Bates-numbered 25-26;

   k) a report reflecting statements made by the defendant on August 25, 2010, Bates-numbered 27; and

   l) a report reflecting statements made by the defendant on October 7, 2010, Bates-numbered 28-33.

   In addition, enclosed are five compact discs containing consensual recordings made by the defendant at the direction of the FBI on the following dates: October 8, 2010 (2 CDs); October 9, 2010; October 10-11, 2010; and October 14, 2010, Bates-numbered 57-61.  Also enclosed are draft partial translations of these recordings, Bates-numbered 38-56.

2. <u>Criminal History</u>

   The government is not aware of any prior convictions of the defendant.

3. <u>Documents and Tangible Objects</u>

   The government is in possession of original copies of the written statements and recordings identified above.  You may call me to arrange a mutually convenient time to inspect, copy, and/or photograph any of the original evidence discoverable under Rule 16.

4. <u>Reports of Examinations and Tests</u>

   Enclosed is a report of a polygraph examination of the defendant administered on October 9, 2010, along with associated <u>Miranda</u> waiver and consent forms, Bates-numbered 34-37.

5. <u>Expert Witnesses</u>

   The government will comply with Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 702, 703 and 705 by notifying you

3

in a timely fashion of the identity of any experts it intends to call at trial and their qualifications.

6.      Other Material

The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).

The government will furnish you before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

7.      Other Crimes, Wrongs, or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid any unnecessary delays, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

4

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Pursuant to Federal Rules of Criminal Procedure 12.1 and 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of alibi or of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defenses identified in any such notice. The offenses took place at the locations, dates and times specified in the charging documents and discovery materials.

Pursuant to Rule 12.2(a), the government hereby demands written notice of the defendant's intention, if any, to assert a defense of insanity. Pursuant to Rule 12.2(b), the government hereby demands notice of the defendant's intention, if any, to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant.

If you have further questions or requests, please contact me.

>Very truly yours,
>
>LORETTA E. LYNCH
>United States Attorney
>
>By: /s/ Daniel S. Silver
>Daniel S. Silver
>Assistant United States Attorney
>(718) 254-6034

Enclosures

cc: Clerk of the Court (SJ) (By ECF) (w/out enc.)